IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLENE KELLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-12-718-C |
| ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC.; CAPITAL ONE SERVICES, LLC; ) | |
| VERIZON WIRELESS; and ) | |
| FCNB-SPIEGEL, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff brought the present action asserting claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Plaintiff also asserts state law claims for fraud and negligence. Defendants Capital One Services, LLC ("COS") and Midland Credit Management, Inc. ("MCM"), have each filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff's Petition fails to state a claim for relief. In addition to challenging the insufficiency of the factual allegations asserted by Plaintiff, Defendants COS and MCM also argue that Plaintiff's claims are barred by the statute of limitations.

Plaintiff's state court petition alleges that beginning in 2005 she discovered that certain debts owed to Spiegel, Verizon, and Capital One had been sold to MCM. Plaintiff avers she further discovered that MCM was reporting the debts which Plaintiff asserts had been paid in full to the credit reporting agencies. Plaintiff argues that beginning in 2005 she

notified each Defendant in writing and on the telephone that the debts had been paid in full and nonetheless the Defendants continued to report the debts as being unpaid.

As noted above, Defendants MCM and COS seek dismissal of Plaintiff's claims, asserting that they are barred by the relevant statute of limitations. After consideration of the allegations in Plaintiff's state court Petition, Defendants' arguments, and Plaintiff's response, the Court agrees that certain of the claims are barred by the pertinent limitations period. Examining first the FDCPA claims, the Court finds that Plaintiff alleges in her state court Petition that she was aware of the erroneous reporting in 2005. However, Plaintiff did not bring the present action until March of 2012. 15 U.S.C. § 1692k(d) requires that a claim for violation of the FDCPA must be brought within one year from the date of the violation. Plaintiff argues that her claims were timely brought because Defendants continued to report the debts as unpaid through 2011. However, the District Courts of New Mexico and Minnesota, in considering a similar argument, have held that "new communications concerning an old claim do not start a new period of limitation." Campos v. Brooksbank, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000). See also Kirscher v. Messerli & Kramer, P.A., No. 05-1901PAMRLE, 2006 WL 145162 at *3 (D. Minn. Jan. 18, 2006).

Here, Plaintiff makes no allegation that new violations of the FDCPA occurred through 2011; rather, she merely complains of the continuing reporting of the allegedly paid debt. As a result, the Court finds as a matter of law that Plaintiff's claims under FDCPA accrued in 2005 and these claims were not timely filed. Accordingly, Defendants MCM and COS are entitled to dismissal of the FDCPA action.

A different result obtains for Plaintiff's FCRA claim.  As the court noted in Larson v. Ford Credit, No. 06-CV-1811 JMR/FLN, 2007 WL 1875989 (D. Minn. 2007), "[t]he majority of courts considering the question have drawn upon defamation's traditional 'multiple-publication rule.'  Under this rule, each publication of the same falsehood by the same defamer is a separate cause of action, thus starting the limitations clock anew." (citing Restatement (Second) of Torts § 577A(1)).  In the FCRA context, this means each transmission of an erroneous credit information is a separate FCRA violation.

Here, Plaintiff's state court Petition pleads that the erroneous report continued to be distributed through 2011.  As that time period occurred within two years of the date the state court Petition was filed, Plaintiff's FCRA claim was timely.  (See 15 U.S.C. § 1681p setting 2-year limitations period for FCRA claims.)  Therefore, Defendants COS's and MCM's attempts to dismiss the FCRA claim on the basis of the violation of the statute of limitations is denied.

In the alternative, Defendants MCM and COS argue that Plaintiff's FCRA claim fails to state a claim for relief.  As Defendant COS notes, Plaintiff asserts a violation of 15 U.S.C. § 1681s-2(a).[*]  However, there is no private right of action for a violation of this section of the FCRA.  See Pinson v. Equifax Info. Svcs., Inc., No. 06-CV-162-GKF-SHA, 2008 WL 906222 (N.D. Okla. Mar. 31, 2008).  Indeed, the only private right of action under the FCRA

---

[*] Plaintiff's state court petition does not specify the statute under which it is brought.  However, Plaintiff does not dispute Defendants' assertion that her claim, if any, must be brought pursuant to § 1682s.  The Court's consideration of the applicable law supports Defendant's assertion.

against a furnisher of credit information arises when a furnisher of information fails in its duty to adequately investigate disputed information once notified of the dispute by the credit reporting agency. Id. Here, Plaintiff has failed to allege that MCM is a furnisher of credit information, that MCM or COS received notice of any dispute from a credit reporting agency, or that MCM or COS failed to adequately investigate the disputed information once notified by a credit reporting agency. Indeed, Plaintiff fails to respond in any meaningful fashion to the arguments raised by COS or MCM. Accordingly, Plaintiff's state court Petition fails to state a claim for relief for violation of the FCRA against Defendants COS or MCM.

Turning to Plaintiff's tort claims of fraud and negligence, the Court finds both are also barred by the statute of limitations. 12 Okla. Stat. § 95(A)(3) sets the limitations period for each at two years. Although Oklahoma recognizes the discovery rule as a standard to toll the limitations period, the allegations raised by Plaintiff make clear that she was aware of the alleged wrongdoing as early as 2005. Thus, her fraud and negligence claims are time barred.

In the alternative, Plaintiff's attempts to plead a fraud claim are also deficient. Fed. R. Civ. P. 9(b) requires that allegations of fraud or mistake must be pled with particularity.

> Under Oklahoma law, the elements of common law fraud are: (1) a false material misrepresentation; (2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; and (4) which is relied upon by a party to one's detriment. In alleging fraud, a party must state with particularity the circumstances constituting fraud. . . . A complaint alleging fraud must set

> forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences of the fraud.

Culbertson v. Fletcher Pub. Sch. Dist., No. CIV-11-138-M, 2011 WL 3477112 at *4 (W.D. Okla. Aug. 9. 2011) (citations omitted).

As Defendants COS and MCM note, Plaintiff's state court Petition fails to allege either the time or content of any allegedly false communication. Further, there is no allegation that Plaintiff relied upon the allegedly false representation to her detriment. To the contrary, it appears that, according to the Petition, Plaintiff has challenged the allegedly fraudulent information at every possible time. Accordingly, the Court finds that Plaintiff has failed to plead facts from which a claim for fraud could arise. Therefore, Defendants COS and MCM are entitled to dismissal of Plaintiff's fraud claim.

For the reasons set forth herein, Defendant Midland Credit Management, Inc.'s Motion to Dismiss (Dkt. No. 7) and Defendant Capital One Services, LLC's Motion to Dismiss (Dkt. No. 8) are GRANTED. Plaintiff's FDCPA, negligence and fraud claims are dismissed with prejudice. Plaintiff's FCRA claim is dismissed without prejudice. In the event Plaintiff wishes to further pursue her FCRA claim, she must file an amended complaint within 15 days of the date of this Order.

IT IS SO ORDERED this 21st day of August, 2012.

ROBIN J. CAUTHRON
United States District Judge